UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLINTON A. MILEY, JR., CLAY APPLEWHITE, DEAN BOREL, MICHAEL D. CRAIN, CURTIS CREEL, MICHAEL BRETT EVANS, MICHAEL FREEMAN, FREDERICK K. GODBOLT, BRIAN GOINGS, TONY GRANGER, WESLEY A. HARPER, PAUL B. HARRIS, JR., JERRY JAMES HEMPHILL, MARK A. JOHNSON, DORMAN K. KELLIS, III, DAVID R. KENNY, II, DONALD R. LADNER, RONALD MANNING, BRIAN MCCREE, RYAN MCGHEE, SCOTT A. MILLER, RICHARD MOODY, STEVEN A. MOSES, J. MICHAEL PIERCE, ANDREE' R. POWELL, HAROLD B. REID, LE' DON ROBINSON, ROBERT C. ROBINSON, JAMES TODD RUSHING, BRUCE B. TABER, AARON THOMAS, JOHN C. VARNADO, CHRIS WILLIAMS, and GRAHAM WOLBRECHT | CIVIL ACTION NO.: 08-4080<br><br>JUDGE:  MARY ANN VIAL  LEMMON<br><br>SECTION "S"<br><br>MAGISTRATE:  SALLY SHUSHAN |

versus

CITY OF BOGALUSA

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.  INTRODUCTION

The City of Bogalusa has filed a motion for summary judgment making three alternative arguments.  First, it argues that the City is entitled to a partial exemption from paying its Firefighters overtime after 40 hours in a week under §7(k) of the FLSA, 29 U.S.C. §207(k), based on having a 28-day work period.  Next, the City argues that even if it did not adopt a 28-day work period, then it is automatically entitled to the same partial exemption based on a 7-day work period.  Finally, the City argues that even if the Court finds it is not entitled to a partial exemption under §7(k), then the plaintiffs are not due any damages because the City has paid

them more than they are owed. The City is wrong on all counts, and their motion should be denied.

II.     ARGUMENT

    A.     A Lone Reference To "212" Does Not Equal A Public Declaration To Adopt A 28-Day Work Period.

The City can point to no announcement, regulation, ordinance, memorandum, or practice that declares its intent to adopt a 28-day work period for its firefighters. Rather, the City argues that it has adopted a 28-day work period under §7(k) based on a single number — not 28 — in the collective bargaining agreement (CBA). Because the City calculates overtime pay by dividing a fictional monthly salary by 212 hours, the City claims it qualifies for a §7(k) exemption based on a 28-day work period.

    The Firefighters' CBA with the City contains the following sentence:

> However, any firefighter called back to work other than pursuant to a regular shift shall be paid overtime at the rate of one and one-half times his usual salary to be determined by reducing his average monthly salary to an hourly scale, based on 212 hours per month and to include State Supplementary Pay.[1]

The DOL regulations establish "212" as the maximum number of hours that firefighters can work in a 28-day period without being compensated at time and one-half.[2] The City makes the argument that by using "212" in a pay calculation, "the drafters were attempting to establish a 28-day work week."[3] But the FLSA and DOL require the employer who wishes to take advantage of the §7(k) exemption to "establish" a "work period," not a pay formula.[4] The question presented this Court is whether by using the number "212" to calculate overtime pay,

---

[1] Exhibit 1-A, pp. 10, 13.
[2] 29 C.F.R. § 553.201(a).
[3] City MSJ Memo, p. 11.
[4] 29 C.F.R. § 553.224(a).

2

and by placing that numeral in the Collective Bargaining Agreement without any reference to a 28-day work period, the City has borne its burden of proving that it established a Section 7(k) exemption under the FLSA. To the contrary, using "212" to calculate an overtime rate has no relation to a work period. As Dale Branch, the City's attorney acknowledged, to argue otherwise is pure speculation.[5]

Here the Bogalusa firefighter CBA unambiguously provides a formula for computing overtime payment, but that provision unambiguously fails to declare a 28-day work period. In support of its contrary argument, the City offers the testimony of its attorney, Dale Branch, which does not help its case for three reasons: the contract is unambiguous, and so extraneous evidence should not be considered; Branch has no factual knowledge of circumstances surrounding confection of the agreement; and interpretation of the CBA will be in the hands of this Court, not Branch.

Interpretation of a contract and the determination of ambiguity are purely legal issues for this Court to decide.[6] If the language of a contract is subject to two or more reasonable interpretations, it is ambiguous. Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. Unless the Court determines that this CBA is ambiguous, it should not resort to extrinsic evidence— such as evidence about its formation— to determine the true meaning of the instrument.[7] Summary judgment is particularly appropriate in cases where the

---

[5] Exhibit 9 (Branch), p. 42 ("I don't know from personal knowledge. But I can only speculate that it goes back to the state and the federal statutes that allow 212 hours.").
[6] *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004); *Dell Computer Corp. v. Rodriguez,* 390 F.3d 377, 384 (5th Cir. 2004).
[7] *See Dell Computer Corp. v. Rodriguez,* 390 F.3d 377, 388 (5th Cir. 2004); *Alexander v. City of Evansville*, 120 F.3d 723, 727 (7th Cir. 1997).

language of a contract is unambiguous, but ambiguity of a contract does not preclude summary judgment.

> Summary judgment is appropriate in a contract interpretation dispute whenever there is no genuine issue of fact, a situation that obtains not only when the language is unambiguous, but also when the language is ambiguous and there is relevant extrinsic evidence, but the extrinsic evidence creates no genuine issue of material fact and permits interpretation of the agreement as a matter of law.[8]

Miley has filed a motion *in limine* asking the Court to exclude the City's attempt to invade the province of this Court by introducing "expert" witnesses—former DOL investigators—to advise the Court on what the law is. Now in its motion for summary judgment, the City seeks again to invade the province of this Court by having the City's attorney testify as to what the collective bargaining agreement means. The City states that Dale Branch "was involved in the negotiation and formation of that CBA."[9] The City contends that Dale Branch "is familiar with the formula and states affirmatively that the formula refers to the 7(k) exemption."[10] To the contrary, however, Branch testified that his only involvement in the formulation of the CBA was that he "represented the City when we reopened the contract back in 1989."[11] Branch quite honestly acknowledged that his memory was "not so good," that the CBA was reopened 20 years ago, and that the main reason for reopening the contract which had already been in effect for a number of years, was to revise the ratio of firefighters to chiefs in the department.[12] Branch did not recall that any provision about the Firefighter work schedule was

---

[8] *Texas Instruments, Inc. v. Hyundai Electronics Industries Co.*, 42 F.Supp.2d 660, 669-670 (E.D. Tex. 1999).
[9] City MSJ Memo, p. 2.
[10] City MSJ Memo, p. 3.
[11] Branch Depo. excepts attached herein as Exhibit 9, pp. 31-32.
[12] Exhibit 9 (Branch), pp. 32-33.

changed from the prior contract, nor did he recall any discussions about the FLSA.[13]  When asked if he knew of any other documents that would reflect the City's having adopted any work period other than 24 hours on and 48 off, he responded:  "I don't know of any documents.  I can only give you speculations."[14]  Branch not only could not identify any documents that reflected adoption of a §7(k) work period, but neither could he identify any other circumstances that would show that the City adopted an alternate work period.[15]  Branch did not conceive of or assist in establishing the pay formula, has never been involved with applying the formula, and has never been consulted as to its accuracy.[16]  Branch speculated that the formula using 212 hours to calculate overtime was confected to be in compliance with the state and federal statutes: "I don't know from personal knowledge.  But I can only speculate that it goes back to the state statutes and the federal statutes that allow the 212 hours.  So the formula is confected to be in compliance with that - - those statutes."[17]  Branch's speculations cannot aid this Court in determining the meaning of the CBA.

Moreover, the City acknowledges that "the collective bargaining agreement established the Firefighter work period as 24 on and 48 off."[18]  End of story!  Since the work period is three days, it does not comply with §7(k) which requires a seven to 28-day period.  Even its own expert, Don Strobel, denies that the City made a showing sufficient to establish a 28-day period.[19]

---

[13] Exhibit 9 (Branch), p. 35; p. 36 (Q:  But you don't recall any specific discussions or changes in this contract relative to the FLSA?  A:  No, I don't as we sit here).
[14] Exhibit 9 (Branch), p. 39; see also, pp. 40-41.
[15] Exhibit 9 (Branch), p. 40.
[16] Exhibit 9 (Branch), pp. 25, 30.
[17] Exhibit 9 (Branch), p. 42.
[18] City MSJ Memo, pp. 10-11.
[19] Strobel Depo. excepts attached herein as Exhibit 10, p. 43.

Not one of the cases cited by the City supports its argument that the numeral "212"—absent more and in the face of an actual three-day work cycle—is enough to prove that the City established a 28-day work period.  In *Franklin v. City of Kettering*,[20] the city offered testimony that it informed patrol officers of the new twenty-eight day work period at the time it was enacted, that patrol officers were aware of the work period, and that the patrol officers entered into an agreement with the city which referenced the twenty-eight day work period.  In *Adair v. City of Kirkland*,[21] the CBA provided that "[f]or purposes of complying with the Fair Labor Standards Act, the Patrol Division work period shall be eight days and the Detective Division seven days," which statement was confirmed by the actual work cycles that the officers followed. Therefore, the city had established the § 7(k) exemption by explicitly specifying the work period in the CBA and actually following this period in practice.

In *Milner v. Hazelwood,* the city satisfied the work period requirement of §7(k) on summary judgment by providing an inter-office memo from the city manager to his staff announcing the establishment of a twenty-eight-day work schedule for police officers, and affidavits from the police chief and city manager that police department personnel were scheduled on a regularly recurring twenty-eight-day basis; plaintiffs failed to refute this evidence.  The district court ruled, and the Eighth Circuit confirmed that the city was entitled to the 29 U.S.C. § 207(k) exemption as a matter of law.

By comparison, here, the City has never informed the Firefighters of a seven to 28-day work period, their CBA references a three-day work cycle, and they actually work a three-day

---

[20] 246 F.3d 531, 536 (6th Cir. 2001) (cited at City MSJ Memo, p. 9).
[21] 185 F.3d 1055, 1060-1061 (9th Cir. 1999) (cited at City MSJ Memo, p. 10).

work cycle.[22] These facts are akin to those as in *Spradling v. City of Tulsa*,[23] where fire fighters worked the same repeating cycle as in this case: 24 hours on and 48 hours off. The Tenth Circuit affirmed the trial court's ruling that the city had "failed to sustain its burden of proof under 29 U.S.C. § 207(k) [of establishing a work period greater than 7 days]," that plaintiffs' "back overtime wages should be calculated under 29 U.S.C. § 207(a)(1), and that the applicable work period [wa]s a [40-hour] workweek." The Tenth Circuit noted that the city could have proved establishment of the §7(k) period in either of two ways: by either a public declaration of intent to adopt a work period of between 7 and 28 days or by its employees actually working a regularly recurring cycle of between 7 and 28 days. The record did not support either. Similarly, in the present case, the City's firefighters work a regularly recurring cycle of three days, not seven to 28 days, and the City made no public declaration of its intent to adopt a work period of between seven and 28 days; use of the number "212" in an overtime calculation is insufficient as a public declaration of intent as a matter of law.

      B.      Section 7(k) Is Not Automatic.

Next the City argues that even though it did not establish a 28-day period, then it should be allowed to take advantage of the seven-day period by default, based on the fact that the plaintiffs are performing firefighting work. They base this argument on the testimony of their two "experts," Don Strobel and Karen Clampitt. Miley has already addressed this argument and the use of "experts" to tell the Court what the law is in the memoranda supporting his Motion for Summary Judgment and Motion in Limine (Rec. Doc. #s: 27 & 28), and adopts those arguments herein by reference. It is not up to Clampitt and Strobel to determine what the law is, and

---

[22] Exhibit 1-A, p. 9; Exhibit 2 (Miley), ¶¶ 3, 4, 6; Exhibit 3 (Freeman), ¶¶4-6.
[23] 95 F.3d 1492, 1494, 1504-1505 (10th 1996).

sources other than Clampitt and Strobel make abundantly clear that the City must take some sort of action to establish a §7(k) work period. Section 7(k) is not a default provision, as shown not only by authority cited by Miley,[24] but also by a case the City cites in its own memorandum. In *Spradling v. City of Tulsa*,[25] the Tenth Circuit affirmed the district court ruling that since the City failed to sustain its burden of proof under 29 U.S.C. § 207(k), plaintiff firefighters were entitled to have their "back overtime wages . . . calculated under 29 U.S.C. § 207(a)(1)."

      C.      The City's Experts Did Not Calculate Overtime Based On A 40-Hour Week.

Finally, the City argues that even if the §7(k) exemption does not apply, then the City has overpaid Firefighters and does not owe them any additional payments.[26] The City relies again on the report and conclusions by its experts Clampitt and Strobel. To the contrary, however, their experts admittedly relied on the §7(k) exemption. Clampitt made abundantly clear that her calculations depended on her assumption that at least the 7-day period under §7(k) would apply.[27] She did not perform any calculations to determine whether the City has properly paid Firefighters if overtime is calculated under §207(a)(1). Clampitt and Strobel's entire report was based on the assumption that the City qualified for the 7-day period under §7(k) and so did not have to pay time and one-half until after 53 hours. Therefore, if this Court concludes that §7(k) does not apply, Clampitt and Strobel's calculations are not relevant, and their opinion is unavailing.

---

[24] *See, e.g.*, Miley MSJ Memo, pp. 10-12.
[25] 95 F.3d 1492, 1504-05 (10th 1996), *cert. denied*, 519 U.S. 1149 (1997) (cited at City MSJ Memo, p. 10).
[26] City MSJ Memo, p. 15-18.
[27] Exhibit 4 (Clampitt), p. 19 ("Q: So you assumed that they were entitled to at least a 7 consecutive period and 53 hours? A: At least, yes.").

III.   CONCLUSION

For the reasons given above, and for the reasons given in support of Miley's Motion for Summary Judgment and Motion in Limine, the City's Motion for Summary Judgment should be denied.

>Respectfully submitted,
>
>ROBEIN, URANN, SPENCER, PICARD & CANGEMI, A.P.L.C.
>
>s/ Nancy Picard
>Louis L. Robein, Jr. (Bar No. 11307)
>Nancy Picard (Bar No. 19449)
>Christina L. Carroll (Bar No. 29789)
>P.O. Box 6768
>2540 Severn Avenue, Suite 400 (70002)
>Metairie, Louisiana 70009-6768
>Phone:  (504) 885-9994/Fax:  (504) 885-9969
>E-mail:   npicard@ruspclaw.com
>Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2009, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

>s/Nancy Picard
>Nancy Picard (Bar No. 19449)
>Robein, Urann, Spencer, Picard & Cangemi
>P.O. Box 6768
>2540 Severn Avenue, Suite 400 (70002)
>Metairie, Louisiana 70009-6768
>Phone:  (504) 885-9994
>Fax:  (504) 885-9969
>E-mail:   npicard@ruspclaw.com
>Counsel for Plaintiffs

F:\APPS\WP51\CLIENTS\Bogalusa Firefighters\_FLSA\Pleadings\MtnSummaryJudgment\Opp_MSJ.doc