UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CLINTON A. MILEY, JR. ET AL.          CIVIL ACTION

VERSUS                                 NO: 08-4080

CITY OF BOGALUSA                       SECTION: "S" (1)


## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the City of Bogalusa's Motion for Summary Judgment is **DENIED**.  (Document #29.)

**IT IS FURTHER ORDERED** that the plaintiffs' Motion for Summary Judgment is **GRANTED**.  (Document # 27.)

**IT IS FURTHER ORDERED** that the "Plaintiffs' Motion *in Limine* to Exclude the Testimony of Don H. Strobel and Karen K. Clampitt" is **DENIED**.  (Document #28.)

### I. BACKGROUND

Fire suppression and prevention employees[1] of the City of Bogalusa (the City) filed a

---

[1] The plaintiffs are Clinton A. Miley, Jr., Clay Applewhite, Dean Borel, Michael D. Crain, Curtis Creel, Michael Brett Evans, Michael Freeman, Frederick K. Godbolt, Brian Goings, Tony Grange, Wesley A. Harper, Paul B. Harris, Jr., Jerry James Hemphill, Mark A. Johnson, Dorman K. Kellis, III, David R. Kenny, II, Donald R. Ladner, Ronald Manning, Brian McCree, Ryan McGhee, Scott A. Miller, Richard Moody, Steven A. Moses, J. Michael Pierce, Andreé R. Powell, Harold B. Reid, Le´ Don Robinson, Robert C. Robinson, James Todd

complaint against the City to recover overtime, liquidated damages, and attorney's fees, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA). The firefighters work a three-day cycle (one day on duty and two days off), their pay schedule is bi-monthly on the fifteenth and last day of the month, and the pay periods vary in length. The City pays a flat 12 hours of overtime pay monthly. The firefighters allege that they routinely work in excess of the basic overtime threshold of 40 hours in a workweek. They seek overtime pay at the rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek. Alternatively, assuming that a seven-day work cycle has been adopted by the City, the plaintiffs allege that they are entitled to full overtime for all hours worked beyond 60$^2$ hours in a work week.

The plaintiffs further seek a declaration that any waiver of Fair Labor Standards Act overtime rights in the collective bargaining agreement is unenforceable as violative of the FLSA and public policy.$^3$

The plaintiffs and the City filed cross motions for summary judgment.

---

Rushing, Bruce B. Taber, Aaron Thomas, John C. Varnado, Chris Williams, and Graham Wolbrecht.

$^2$ Although the complaint states 60 hours, the plaintiffs may have meant 53 hours in a seven-day work period, as provided by statute.

$^3$ The collective bargaining agreement provides:
As these working hours which requested by the Union and have been in effect for a number of years result in at least one out of every three work weeks being in excess of the sixty hours provided by law, the Union, on behalf of its members, does hereby waive any overtime pay for any hours of work in excess of the sixty hours per calendar week resulting from this working schedule and have requested each employee to personally execute a waiver of overtime to this extent.

2

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B. FLSA

"The backbone provisions of FLSA are its minimum wage and overtime requirements." Lamon v. City of Shawnee, Kansas, 972 F.2d 1145, 1150 (10th Cir. 1992). In order to ameliorate the effect of overtime pay under § 207(a)(1) of the FLSA on public agencies responsible for providing vital public services, Congress authorized state and local governments to calculate, for purposes of overtime pay, the average number of hours worked over a maximum of 28 days, instead of the seven-day work week. Local 889, Am. Fed. of State, County, and Municipal Employees, 145 F.3d 280, 283 (5th Cir. 1998).

"The FLSA generally requires an employer to pay overtime compensation (at a rate of one and one-half times the regular rate of pay) to an employee after the employee has worked over 40 hours in one week." Singer v. City of Waco, Tex., 324 F.3d 813, 818 (5thCir. 2003); 29 U.S.C. § 207(a)(1). "The statute provides a partial exemption, however, for municipalities and

other entities that employ fire fighters." Id.; 29 U.S.C. § 207(k); 29 C.F.R. § 553.201(a). "[A] municipality can take advantage of that exemption by adopting a [qualifying] work period." Id. A qualifying work period is "any established and regularly recurring period of work which, under the terms of the Act and the legislative history cannot be less than 7 consecutive days nor more than 28 consecutive days." O'Brien v. Town of Agawam, 350 F.3d 279, 290 (1st Cir. 2003); C.F.R. § 553.224(a). "The work period requirement is ordinarily not a high hurdle. Virtually any bona fide, fixed, recurring period of between 7 and 28 days will suffice." Id. at 290 n.21. The work period "need not coincide with the duty cycle or pay period or with a particular day of the week or hour of the day." Franklin v. City of Kettering, Ohio, 246 F.3d 531, 534 (6th Cir. 2001); 29 C.F.R. § 553.224(a). "The work period limitations are intended to regulate overtime compensation." Id. at 535.

"If the municipality adopts a 7-day work period, it need not pay overtime compensation to its fire fighters until they have worked over 53 hours in a single week." Singer v. City of Waco, Tex., 324 F.3d at 818; 29 C.F.R. § 553.201(a) and § 553.230(a). "If the municipality adopts a 14-day work period, it need not pay overtime compensation to its fire fighters until they have worked over 106 hours in the two-week period." Id. "If the municipality adopts a 28-day work period, it need not pay overtime compensation to its fire fighters until they have worked over 212 hours in that four-week period." Id. "Thus, by adopting a § 207(k) work period, a municipality can limit the number of hours for which it must pay 'time-and-a-half' to its fire fighters." Id. "[A] municipality does not have to adopt a pay period that precisely matches its work period in order to qualify for the § 207(k) exemption." Id. at 819; 29 C.F.R. § 553.224.

4

"[T]he employer bears the burden or proving that it qualifies for an exemption under the FLSA." Id. at 820. "Exemptions from the overtime provisions of section 207 are to be narrowly construed against the employer." Birdwell v. City of Gadsden, Ala., 970 F.2d 802, 805 (11th Cir. 1992). "The Act should be interpreted liberally in the employee's favor." Singer v. City of Waco, Tex., 324 F.3d at 820. "The defendant must prove applicability of an exemption by clear and affirmative evidence." Id. "[T]he ultimate determination of whether an employer qualifies for an exemption under the FLSA is a question of law." Id. The establishment of a particular work period under § 207(k) is normally a question of fact. Id.

## C. Adoption of § 207(k)

There is no dispute that the City is eligible for the exemption under § 207(k) as a local government that provides vital public services. The parties agree that there are no disputed issues of material fact, and the question is whether the City adopted the seven day or 28-day work period to qualify for the exemption.

The plaintiffs contend that the City has not opted for the overtime exemption under § 207(k), and the regular overtime provisions of § 207(a) apply, requiring an employer to pay overtime compensation at a rate of one and one half times the regular rate after the employee has worked more than 40 hours in a week. Moreover, the plaintiffs contend that the City provided no statement or announcement that it has adopted any seven to 28-day period. The plaintiffs agree that the adoption of a particular work period necessary to come under the exemption of § 207(k) does not have to be formal or express if the City can demonstrate adoption by its actions. See Singer v. City of Waco, Tex., 324 F.3d at 819 (a municipality can establish a particular work

period by demonstrating that it actually pays its fire fighters in accordance with the longer work period).

The City argues that it set out a 28-day work period, as evidenced by the reference to an hourly scale based on 212 hours per month, when negotiating the collective bargaining agreement. It further argues that it paid its firefighters through a formula in accordance with the collective bargaining agreement for the past twenty years.

The Bogalusa Professional Firefighters Association–Local No. 687-AFL-CIO entered a collective bargaining agreement with the City on April 19, 1989. Article IV addresses the "Hours of Work" for firefighters as follows:

> The normal working hours shall be twenty-four hours on and forty-eight hours off and shifts shall be arranged and working assignments made in accordance with this schedule. As these working hours which were requested by the Union and have been in effect for a number of years result in at least one out of every three work weeks being in excess of the sixty hours provided by law, the Union, on behalf of its members, does hereby waive any overtime pay for any hours of work in excess of sixty hours per calendar week resulting from this working schedule and have requested each employee to personally execute a waiver of overtime to this extent.[4] However, any firefighter called back to work other than pursuant to a regular shift shall be paid overtime at the rate of one and one-half times his usual salary to be determined by reducing his average monthly salary to an hourly scale, based on 212 hours per month and to include State Supplementary Pay; all in addition to his regular monthly salary.

Def. exh. B, 9-10.

Dale Branch, the City attorney, represented the City in negotiating the collective

---

[4] The Attorney General of the State of Louisiana issued an opinion on April 6, 1973, that the firefighters of the City of Bogalusa could continue "working 24 hours on and 48 hours off," even though the schedule resulted in the firefighters working some sixty-four and one-half hours, and that they could waive their claim for overtime for the period worked in excess of 60 hours.

bargaining agreement. He opined that the City had adopted the 28-day work period by its payroll-calculation practice for the past 20 years, and that the formula used to calculate overtime pay was designed to comply with the FSLA and its state counterpart, Louisiana Revised Statute 33:1994, based on a 28-day work period. Def. exh. C at 43, 49. He admitted that he does not know the origin of the formula, nor when it was implemented, and that he knows of no other document or other indication of the adoption of a work period by the City.

Patty Sandifer, a City payroll computer operator, testified in her deposition that Bogalusa firefighters work 240 hours a month, consisting of ten, twenty-four hour shifts. On the 15th of the month, firefighters are paid for 120.01 hours. At the end of the month, the firefighters receive regular pay and additional compensation for setup, shift differential, overtime, and contract overtime.

In order to calculate overtime pay, Sandifer applies a formula, which the City has used for over 20 years. Sandifer begins with the firefighter's base salary from a salary schedule[5] and adds a state monthly supplement to obtain a monthly salary. The monthly salary is divided by 212 to provide the monthly rate per hour. Sandifer then subtracts the hourly state supplemental from the monthly rate to obtain the base hourly rate. The base hourly rate is used to calculate any overtime payment that is due. The base hourly rate is multiplied by 2880, which represents the firefighter's annual hours (12x240). The resulting amount is the annual overtime salary. Sandifer has no idea where the number 212 originated other than that it is the monthly hours used for figuring overtime.

---

[5] The salary schedule is adjusted each year to include a 2% annual increase.

In this case, the City has provided no statement or announcement that it has adopted a 28-day work period for § 207(k) purposes. The firefighters worked a three-day cycle of 24 hours on and 48 hours off and were paid twice a month. The use of 212 hours referenced in the collective bargaining agreement to calculate the overtime without more is insufficient to establish a 28-day work period. Further, the 212 reference is contained in a sentence which applies to "any firefighter called back to work other than pursuant to a regular shift" and is not applicable to the overtime hours at issue. Accordingly, the City has not carried its burden of proving it adopted a 28-day work period.

Alternatively, the City argues that it is entitled to an exemption using the seven-day work period. In support of the argument, the City relies on the testimony of its experts, Don Strobel and Karen Clampitt that firefighter are entitled to overtime only after 53 hours a week, even if a work period is not adopted under § 207(k), because the Department of Labor does not require that the City "revert back to a 40-hour work week."

The plaintiffs filed a motion *in limine* to exclude the testimony of Don Strobel and Karen K. Clampitt, pursuant to Federal Rules of Evidence 702 and 704. They argue that the expert opinions are impermissible legal conclusions that there is no violation of the FLSA and do not assist the court in determining the facts.

Federal Rules of Evidence 702 and 704 govern the admissibility of expert testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify

thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 704 provides:

> **Opinion on Ultimate Issue**
> (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
> (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

The motion *in limine* to exclude the testimony is denied, and the court will consider the expert testimony offered by the City.

The experts opine that the Department of Labor takes the position that, if someone is engaged in firefighting and they meet the duty test, then they can only go down to the 53 hours a week without compliance with the § 207(k) exemption. They opine that firefighters would be entitled to overtime after 53 hours, not 40 hours, even if they "had never heard" of § 207(k).

The experts base their opinion on their experience in the Department of Labor, but do not explain the basis of their opinion or present documents, cases, opinion letters, or regulations upon which they rely. When asked in the deposition to point to a regulation that provides for a default to 53 hours if the City does not establish an exemption, Strobel stated that he did not think it appeared in the regulations, the field office handbook, or an internal document. Clampitt stated in her deposition that she did not rely on any regulation, but just her "working knowledge of the

9

law."

The opinions of the experts do not establish that the City is entitled to a "default" work period of seven days. Other than the opinion of the experts, the City offers no evidence to carry its burden of establishing that it adopted a seven-day work period.

Accordingly, the City has not carried its burden of establishing that it qualifies for the exemption by adopting either a seven or 28-day work period. Therefore, the City is not entitled to the partial overtime exemption under § 207(k). The case will proceed to trial on the issues whether the terms of the collective bargaining agreement limiting overtime to twelve hours a month should be enforced; what, if any, amount the firefighters are owed as overtime compensation; whether the City is entitled to a set off for overtime that it has paid; and whether the City acted in good faith in its payment of overtime.

Accordingly, there are no disputed issues of material fact, and the plaintiffs are entitled to judgment as a matter of law. The plaintiffs' motion for summary judgment is granted, and the City's cross-motion for summary judgment is denied.

New Orleans, Louisiana, this  29th  day of October, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**