UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLINTON A. MILEY, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO: 08-4080 |
| CITY OF BOGALUSA | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, the City of Bogalusa (Doc. #72), is **GRANTED**, and plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

Fire suppression and prevention employees of the City of Bogalusa filed a complaint against the City to recover overtime, liquidated damages, and attorneys' fees, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.. On May 18, 2010, the court approved a settlement, in which all but three plaintiffs, Brian McCree, Scott Miller, and Steve Moses, settled their claims against the City. (Doc. #51). Thereafter, the plaintiffs' attorneys withdrew from the representation of the remaining plaintiffs, who are proceeding *pro se*.

On August 9, 2010, the court issued a scheduling order which set the discovery deadline as December 20, 2010, and the plaintiffs' expert report deadline as October 20, 2010. Plaintiffs did not conduct any discovery, nor did they provide any expert reports.

On December 22, 2010, the City filed a motion for summary judgment in which it argued that it is entitled to summary judgment because plaintiffs have not offered any evidence of a violation of the FLSA, or of their entitlement to damages.

In support of its motion, the City filed the report of Don H. Strobel and Karen K. Clampitt, expert labor consultants.[1] Strobel's and Clampitt's report provides an analysis of plaintiffs' pay and explains why they are due little or no damages. Specifically, Strobel and Clampitt computed the amount of overtime that would be due to plaintiffs for a specific period using a 40 hour workweek as the base. They found that after the City is given credit for overtime payments already made, Miller is due no back wages, McCree is due $118.53, and Moses is due $76.72, for the period in question.

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving

---

[1] Plaintiffs previously filed a Motion *in Limine* to Exclude the Testimony of Strobel and Clampitt, (Doc. #28), which the court denied (Doc. #45).

party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

Plaintiffs have not presented any evidence to refute the City's experts' calculations, and prove that they are entitled to any damages. Therefore, the City's Motion for Summary Judgment is GRANTED.

New Orleans, Louisiana, this __7th__ day of February, 2011.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE